**Morgan & Morgan Philadelphia, PLLC**
1500 JFK Blvd.
Suite 900
Philadelphia, PA 19102
(215) 446-9795
(215) 446-9799 (FAX)
www.forthepeople.com

**Kevin Clancy Boylan**
ID# 314117
cboylan@forthepeople.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA DAVIS<br>630 Fairfield Dr.<br>Barrington, IL 60010<br><br>        **Plaintiff**<br><br>        **v.**<br><br>SINGLE EYE PRODUCTIONS LLC, aka<br>VINTAGE WEAR, LLC<br>250 S. 36th St.<br>Philadelphia, PA 19104<br><br>CHEEKY WINSTON, LLC<br>250 S. 36th St.<br>Philadelphia, PA 19104<br><br>ABDUL MUSED 1234 LLC<br>1580 E. 45th St.<br>Brooklyn, NY 11234<br><br>VADIM ORDOVSKY-TANAEVSKY<br>4009 Pine Street<br>Philadelphia, PA 19104<br><br>PATRICK LOBO<br>3700 Spruce St.<br>Philadelphia, PA 19104<br><br>EDMUND HAMMOND<br>3411 Chestnut St., Apt 701<br>Philadelphia PA 19104<br><br>PSI UPSILON INTERNATIONAL OFFICE<br>3003 East 96th Street<br>Indianapolis, IN 46240 | **CIVIL ACTION NO.:**<br><br>18 cv 4050<br><br><br>**JURY TRIAL DEMANDED** |

**PSI UPSILON**
**250 S. 36th St.**
**Philadelphia, PA 19104**

**Defendants**

## COMPLAINT

Plaintiff, Jessica Davis, by and through her undersigned counsel and the law firm
Morgan & Morgan Philadelphia, PLLC, now file Plaintiff's Complaint to assert a cause of
action for negligence against the above captioned Defendants, and in support thereof
avers as follows:

## THE PARTIES

1. Plaintiff, Jessica Davis (hereinafter "Plaintiff") is an adult individual who resides at
   630 Fairfield Drive, Barrington IL 60010.

2. The Defendant, Single Eye Productions LLC (hereinafter "SEP") also known as
   Vintage Wear, LLC is a business entity with a principal place of business at 250
   S. 36th St., Philadelphia PA 19104, otherwise known as University of
   Pennsylvania's Psi Upsilon Fraternity House.

3. At all relevant times, SEP was housed out of and associated with the University
   of Pennsylvania Fraternity, Psi Upsilon.

4. At all relevant times, SEP was a shell corporation for the University of
   Pennsylvania's Psi Upsilon for the purpose of hosting parties.

5. The Defendant, Cheeky Winston, LLC (hereinafter "CW") is a business entity with
   a principal place of business at 250 S. 36th St., Philadelphia, PA 19104,
   otherwise known as University of Pennsylvania's Psi Upsilon Fraternity House.

2

6. At all relevant times, CW was housed out of and associated with the University of Pennsylvania Fraternity, Psi Upsilon.

7. At all relevant times, CW was a shell corporation for the University of Pennsylvania's Psi Upsilon for the purpose of hosting parties.

8. The Defendant, Abdul Mused 1234 LLC (hereinafter "Abdul Mused") is a business entity with a principal place of business at 1580 E. 45th St., Brooklyn NY 11234.

9. At all relevant times, Abdul Mused was the owner of 5126 Warren St., Philadelphia PA 19131.

10. The Defendant, Vadim Ordovsky-Tanaevsky (hereinafter "Defendant VOT") is an adult individual who resides at 4009 Pine Street, Philadelphia PA 19104.

11. At all relevant times hereto, Defendant VOT was one of the main organizers of the subject Party.

12. At all relevant times hereto, upon information and belief, Defendant VOT was a member of Psi Upsilon, and had an ownership interest in SEP and/or CW.

13. The Defendant, Patrick Lobo (hereinafter "Defendant Lobo") is an adult individual who resides at 3700 Spruce St., Philadelphia PA 19104.

14. At all relevant times hereto, Defendant Lobo was one of the main organizers of the subject Party.

15. At all relevant times hereto, upon information and belief, Defendant Lobo was a member of Psi Upsilon, and had an ownership interest in SEP and/or CW.

16. The Defendant, Edmund Hammond (hereinafter "Defendant Hammond") is an adult individual who resides at 3411 Chestnut St., Apt. 701, Philadelphia PA 19104.

17. At all relevant times hereto, Defendant Hammond was one of the main organizers of the subject Party.

18. At all relevant times hereto, upon information and belief, Defendant Hammond was a member of Psi Upsilon and had an ownership interest in SEP and/or CW.

19. The Defendant, Psi Upsilon International Office is the national chapter of the Fraternity, Psi Upsilon, and its headquarters is located at 3003 East 96th St., Indianapolis, Indiana 46240.

20. The Defendant, Psi Upsilon, is the local Fraternity Chapter associated with the University of Pennsylvania, with its chapter house located at 250 S. 36th St., Philadelphia PA 19104.

21. At all times material, Defendants individually and/or collectively worked for each other and each's employees, agents, servants, managers and representatives of each Defendant and together they were acting within their course and scope of employment and/or agency and for a common purpose for a joint venture which was to operate and run, and specifically to manage, run and operate a Halloween Party known as "Magic Gardens Halloween" (hereinafter referred to as the "Party") held at 5126 Warren Street, Philadelphia PA 19131.

22. At all times Defendants jointly, and/or severally owned, operated, leased, managed, controlled and/or had dominion over the above-mentioned premises.

4

23. At all times Defendants did act through their agents, employees, owners, representatives, work persons who were operating the above-mentioned Party in the course and scope of their employment and/or joint venture and for the benefit of Defendants.

## JURISDICTION AND VENUE

24. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1322. The amount in controversy is well in excess of the jurisdictional threshold and diversity of citizenship exists between the parties.

25. The amount in controversy is also well in excess of the compulsory arbitration threshold.

26. Venue is proper in the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. §1391(b).  The causes of action upon which Plaintiff's Complaint is based on arose in Philadelphia County, Pennsylvania, which is within the Eastern District of Pennsylvania.

## FACTUAL BACKGROUND

27. On October 27, 2017, all Defendants held a Party at 5126 Warren Street, Philadelphia PA 19131.

28. This was not the first party held by the Defendants at 5126 Warren Street as the Defendants hosted a party called "Magic Gardens Fling" on April 21, 2017.

29. Upon information and belief, the organizers of this event are members of the University of Pennsylvania Fraternity Psi Upsilon.

30. Upon information and belief, the Party was hosted by and approved by Defendant VOT, Defendant Lobo, Defendant Hammond, SEP, CW, Defendant

Psi Upsilon, and/or the University of Pennsylvania, and/or the national Psi
Upsilon chapter, otherwise known as Psi Upsilon International Office.

31. The Party was called Magic Gardens Halloween and was scheduled to start at 10
p.m. on October 27, 2017, and end at 2:00 a.m. on October 28, 2017.

32. All Defendants solicited party guests via Eventbrite and via social media prior to
the Party.

33. Through Eventbrite, guests could purchase bracelets for sixty (60) dollars which
granted them access to the party and entitled them to free, unlimited alcoholic
beverages during the entire four (4) hour party.

34. Upon information and belief, the organizers of the Party utilized school and/or
Fraternal communication channels to promote and/or sell bracelets to the Party.

35. The only way to gain access onto the 5126 Warren Street Property for the party
was to possess a bracelet.

36. Bracelets could be picked up outside of Frontera on the University of
Pennsylvania's Campus during three designated time slots:

- October 25th from 3:00 p.m. to 5:00 p.m.
- October 26th from 3:00 p.m. to 6:00 p.m.
- October 27th from 1:00 p.m. to 4:00 p.m.

37. The event lineup for the Party included:

- Unlimited drinks;
- Free BBQ;
- Fire pits;
- Live DJ's;

6

- Silent Disco;
- 360 Dome;
- Deep house bus;
- Fire performers; and
- Pirates.

38. Upon information and belief, the Defendants entered into an agreement with Abdul Mused to use the 5126 Warren St. Property for the Party.

39. Upon information and belief, the Defendants paid Abdul Mused for the use of the property.

40. Upon information and belief, Defendants sold approximately 1,000 bracelets or approximately $60,000.00 worth of bracelets.

41. Despite having an attendance of approximately 1,000 young adults between the supposed ages of 21 to 25 years old, the Defendants only hired two (2) security guards to work the front gate.

42. Upon information and belief, the Defendants were required to hire those two (2) security guards per University of Pennsylvania policy.

43. At the direction of Defendants, the security guards only responsibility was to ensure that nobody entered the property without a bracelet.

44. At no time during the course of the Party did the security guards enter the Party.

45. At no time during the course of the Party were the security guards responsible for overseeing the active fire pits.

46. At no time during the course of the Party were the security guards responsible for overseeing the intoxication level of guests.

47. During the Party, the Defendants provided large marshmallows and sticks for Party Guests to roast marshmallows in the unsupervised fire pits.

48. At approximately 11:30 p.m., the Plaintiff, who was wearing an open back shirt, was standing near a fire pit.

49. At the same time, an unidentified guest, who upon information and belief was visibly intoxicated, was roasting a giant marshmallow.

50. The marshmallow that the unidentified and visibly intoxicated guest was roasting suddenly caught fire.

51. Due to her visibly intoxicated state, the unidentified guest panicked, and started shaking her stick in hopes of extinguishing the flame surrounding the marshmallow.

52. Due to the unidentified and visibly intoxicated guest shaking the stick, the on fire marshmallow flew off the stick, and stuck to the Plaintiff's back.

53. As a result, the Plaintiff suffered a significant burn injury to her back, and subsequent permanent scarring. (See photos of the burn and subsequent scarring attached as Exhibit A).

54. At all relevant times, the Defendants knew that the lack of security for such a massive party with unlimited alcohol created a dangerous hazard for those in attendance.

55. At all relevant times, the Plaintiff acted in a safe, prudent and reasonable manner and in no way contributed to her injuries or damages.

8

## COUNT I
## NEGLIGENCE
## JESSICA DAVIS v. ALL DEFENDANTS

56. The foregoing paragraphs are incorporated herein by reference as though fully set forth herein at length.

57. The losses, injuries and damages sustained by the Plaintiff, Jessica Davis, as set forth herein, resulted directly and proximately from the negligent and careless conduct of Defendants who were negligent in the following manner:

   a. Placing and permitting dangerous fire pits without providing adequate security;

   b. Placing and permitting dangerous fire pits knowing that they would be used by college aged students who were supplied with unlimited alcohol;

   c. Failing to exercise reasonable care and caution in protecting the Plaintiff from being burned by a visibly intoxicated guest;

   d. Failing to properly supervise the premises, specifically the area surrounding the fire pit;

   e. Failing to provide adequate protection for the Plaintiff while lawfully upon said premises;

   f. Failing to provide a safe environment for the Plaintiff and other persons lawfully upon said premises;

   g. Failing to protect the Plaintiff and other persons similarly situated from foreseeable injuries and damages caused by allowing intoxicated guests to access and utilize an open fire pit;

9

h. Failing to remove dangerous hazards that were likely to cause serious injury to the invited guests;

i. Failure to have adequate security protocols and/or personnel on the premises to protect their invited guests;

j. Failing to have an adequate number of trained, qualified security employees on duty;

k. Failing to provide adequate barriers between guests and the fire pits;

l. Allowing visibly intoxicated guests to utilize an open fire pit without due regard for the rights, safety and well-being of invited guests;

m. Failing to protect and warn the Plaintiff of the dangerous hazard;

n. Failing to secure the premises adequately;

o. Failing to develop a security plan;

p. Failing to revise, review and implement and security plan; and

q. Allowing intoxicated guests to utilize an open fire pit without assistance and/or security and/or security measures despite knowing that their guests' decision making abilities were impaired.

58. Solely as a result of the negligence of the Defendants, the Plaintiff sustained serious injuries, including but not limited to:

a. Significant burn injury to the mid and lower back; and

b. Permanent scarring.

59. As a result of the aforesaid injuries, the Plaintiff sustained mental and physical pain and suffering, all of which have or will require medical care and treatment.

60. The Plaintiff continues to require treatment for the aforesaid injuries.

10

61. All of the aforementioned treatment for Plaintiff's injuries has been deemed reasonable and necessary.

62. As a result of the aforesaid injuries, the Plaintiff sustained a loss of the everyday pleasures and enjoyments of life, and may continue to suffer the same for an indefinite period of time into the future.

63. As a result of the aforesaid injuries, the Plaintiff sustained embarrassment and humiliation and may continue to suffer the same for an indefinite period of time into the future.

64. As a result of the aforesaid injuries, the Plaintiff sustained permanent scarring and disfigurement, and will continue to suffer the same for an indefinite period of time into the future.

**WHEREFORE**, the Plaintiff, Jessica Davis, claims of Defendants a sum in excess of One Hundred Fifty Thousand ($150,000.00) dollars, plus interest, costs and any other damages this Court should deem just.

## COUNT II
## NEGLIGENT ENTRUSTMENT
## JESSICA DAVIS v. ABDUL MUSED 1234 LLC

65. The preceding paragraphs are incorporated herein by reference as though fully set forth.

66. Defendant Abdul Mused was negligent in entrusting his property at 5126 Warren Street to all Defendants, when he knew or should have known that the Defendants lacked the necessary security, judgment and/or prudence with which to safely operate a 1,000 guest, unlimited alcohol Party.

11

67. Defendant Abdul Mused was negligent in entrusting his property at 5126 Warren Street to the Defendants when he knew or should have known that intoxicated guests were likely to use the open fire pits in such a manner as to cause the significant burn injury that the Plaintiff suffered on October 27, 2017.

68. Defendant Abdul Mused failed to inquire into the security measures being implemented by the Defendants before agreeing to let them use the 5126 Warren Street Property.

69. Defendant Abdul Mused chose to accept compensation without inquiring into how the Defendants planned to protect guests form the open fire pits and visibly intoxicated guests.

70. Solely as a result of the negligence of Abdul Mused, the Plaintiff suffered the above mentioned harm.

**WHEREFORE**, the Plaintiff, Jessica Davis, claims of Defendant a sum in excess of One Hundred Fifty Thousand ($150,000.00) dollars, plus interest, costs and any other damages this Court should deem just.

Respectfully submitted,

MORGAN & MORGAN PHILADELPHIA, PLLC

BY: ___/s/ Kevin Clancy Boylan_____
KEVIN CLANCY BOYLAN, ESQUIRE
Attorney for the Plaintiff

12

# EXHIBIT

# A



Case ID: 180300501



Case ID: 180300501



Case ID: 180300501